CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2011

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RAYMOND TODD HUDSON,** | ) | CASE NO. 7:11CV00512 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Raymond Todd Hudson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement for two state court criminal convictions. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Hudson styles his petition as a "WRIT OF HABEAS CORPUS" and then offers his view that this court should grant him relief from an unidentified wrong that an unidentified court has done to Hudson. He describes a traffic incident in which he was riding a moped without a valid operator's license and was "struck by a[n] irresponsible driver." In criminal proceedings related to this incident, Hudson was cited for reckless driving, driving on a suspended license, and being a habitual offender. Arguing that Virginia laws on moped operation and habitual offenders are unclear or no longer valid, Hudson asserts that authorities wrongfully charged him with offenses under these laws and asks this court "to grant mercy."

Based on the style of Hudson's petition and the nature of his allegations, the court construed and docketed his pleading as a § 2254 petition. However, the court concludes that Hudson is not entitled to § 2254 relief at this time.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a <u>habeas</u> petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the defendant can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel, the defendant's state court remedies in Virginia include filing a state <u>habeas</u> petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state <u>habeas</u> petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

Hudson's submission strongly suggests, and online state court records verify, that Hudson's state trial court proceedings are ongoing and that Hudson has not yet been sentenced on the conviction he appears to challenge here.[1] Given the early stage of the criminal case, Hudson clearly has state court remedies that he must pursue before bringing <u>habeas</u> claims in this court. Indeed, his state court remedies may include a trial court motion challenging his

---

[1] As stated, Hudson does not provide any specific information concerning the court where he was convicted or the date of the judgment he wishes to challenge. From his discussion of events, however, it appears that he is attempting to challenge proceedings in the Campbell County Circuit Court on a charge of habitual offender, second offense, among other charges. (Case No. CR11000320-00. The available record on this case indicates that a trial was conducted on October 21, 2011, and a presentence was ordered by January 18, 2012. These records indicate that Hudson has likely been convicted, but has not yet been sentenced or pursued any post-conviction remedy in any state court.

2

conviction, even before he is sentenced. Thereafter, he can pursue a direct appeal to the Court of Appeals and then to the Supreme Court of Virginia, and after that, perhaps, he will want to pursue state habeas proceedings, depending on the nature of his claims. Because Hudson's current petition indicates that he has available state court remedies at this time, this court must dismiss his § 2254 petition without prejudice.[2] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ___ day of November, 2011.

_____
Senior United States District Judge

---

[2] The court notes that even if Hudson had exhausted his state court remedies, his § 2254 petition would have to be denied, because he fails to provide critical information necessary to such claims, including the court where he was convicted, the date of the judgment he is challenging, the specific habeas claims that he wishes to bring, and the facts in support of those claims. If he decides to pursue a § 2254 petition after completing all available proceedings in the state courts, he may write to the clerk's office for a § 2254 form that will assist him in setting forth the elements of such a petition.